Yongmoon Kim, Esq.
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZELMIRA TOCHE, *on behalf of herself and those similarly situated*,<br><br>      Plaintiff,<br><br>vs.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a FBCS, INC.;<br>LVNV FUNDING LLC;<br>and JOHN DOES 1 to 10,<br><br>      Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Zelmira Toche, by way of Class Action Complaint against Defendants Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc.; and LVNV Funding LLC (and John Does 1 to 10) states:

### I.    NATURE OF THE ACTION

1.    This class action for damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.    As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia,* by attempting to collect consumer debts that are under the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. § 17:11C-3, thereby misrepresenting the amount of the debt and attempting to collect amounts not permitted by law.

## II.    JURISDICTION AND VENUE

3.      This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1331.

4.      Venue in this action properly lies in the District Court of New Jersey, Newark

Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

5.      Plaintiff Zelmira Toche ("Plaintiff" or "Toche") is a natural person residing in

Hudson County, New Jersey.

6.      Defendant Financial Business and Consumer Solutions, Inc. ("FBCS") is a

foreign corporation with its principal place of business located at 330 South Warminster Road,

Suite 353, Hatboro, Pennsylvania 19040.

7.      Defendant LVNV Funding LLC ("LVNV") is a foreign limited liability company

with its principal place of business located at 6801 South Cimarron Road, Suite 424-J, Las

Vegas, Nevada 89113.

8.      The Plaintiff is informed and believes, and on that basis alleges, that Defendants

John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located

within the United States and personally created, instituted and, with knowledge that such

practices were contrary to law, acted consistent with and oversaw policies and procedures used

by the employees of Defendants that are the subject of this Complaint. Those Defendants

personally control the illegal acts, policies, and practices utilized by Defendants and, therefore,

are personally liable for all of the wrongdoing alleged in this Complaint.

9.  In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    FACTS

### A. Background

10.    Defendants are not in the business of extending credit, selling goods or services to consumers.

11.    Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

12.    The principal purpose of Defendants is the collection of debts.

13.    When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

14.    Defendants have asserted that Plaintiff incurred or owed one or more financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

15.    The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

16.    The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

17.    Defendants contend that the Account was past-due and in default.

18.    Defendants are debt collectors.

19.    The Account was allegedly assigned to Defendants for collecting the Debt.

20.    The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

**B. Violations of the FDCPA**

21.    Sometime prior to 2009, New Century Financial Services, Inc. ("NCFS")

allegedly purchased a pool of accounts, including the alleged Account, for pennies on the dollar.

22.    However, NCFS was not licensed as a consumer lender or sales finance company

by the New Jersey Department of Banking and Insurance as required by the New Jersey

Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.[1]

23.    While unlicensed, NCFS sued Ms. Toche and obtained a default judgment against

her.

24.    An assignment of judgment from NCFS to LVNV was never recorded in the

collection action. The judgment creditor is, therefore, NCFS not LVNV.

25.    In attempts to collect the Debt allegedly owed by Plaintiff, Defendants mailed a

collection letter to Plaintiff on December 4, 2019 ("FBCS Letter"). A true but redacted copy of

the collection letter is attached as *Exhibit A*.

26.    Plaintiff received and reviewed the collection letter.

27.    The FBCS Letter identifies the current creditor as LVNV Funding LLC, which is

false and misleading since NCFS is the judgment creditor.

28.    By misrepresenting that LVNV is the current creditor of the Debt, the collection

letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed

and if it is legitimate.

29.    Defendants' failure to correctly identify the current creditor is false, deceptive,

and misleading, which is in violation of the FDCPA.

30.    Alternatively, sometime prior to the sending of the FBCS Letter, LVNV allegedly

---

[1] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.

purchased a pool of accounts from NCFS, including the alleged Account, for pennies on the dollar.

31.     However, NCFS was not licensed as a consumer lender or sales finance company by the New Jersey Department of Banking and Insurance as required by the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute[2] when NCFS purchased the Account and sued Ms. Toche.

32.     Therefore, any judgment obtained by NCFS was void *ab initio*.

33.     "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[3]

34.     "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[4]

35.     At all times relevant hereto, NCFS was not permitted to engage in the "consumer loan business" or as a "sales finance company" since it did not first obtain a license pursuant to the NJCFLA.[5]

36.     Accordingly, the alleged purchase of the alleged accounts of Plaintiff and other New Jersey consumers became void *ab initio*.

37.     Therefore, any alleged transfer of the alleged accounts of Plaintiff and other New Jersey consumers from NCFS to LVNV is also void.

---

[2] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.
[3] N.J. Stat. Ann. § 17:11C-2.
[4] N.J. Stat. Ann. § 17:11C-3 (emphasis added).
[5] *See* N.J. Stat. Ann. § 17:11C-2 to -3.

38.    Accordingly, LVNV's purchase of the accounts is also void *ab initio*, rendering Defendants' collection attempts in violation of the FDCPA.[6]

39.    Therefore, the FBCS Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

40.    Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 169e(5), 1692e(10), and 1692f.

41.    Defendants used the same procedures that they employed in sending the FBCS Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V.    CLASS ACTION ALLEGATIONS

42.    This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of the class initially defined as follows:

> **Class**: All natural persons with an address in the State of New Jersey against whom, beginning December 4, 2019, through and including the final resolution of this case, LVNV Funding LLC,

---

[6] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt."); *see also Latteri v. Mayer*, No. 17-13707 (JLL), 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018) (same); *Lopez v. Law Offices of Faloni & Associates, LLC*, No. 16-cv-01117-SDW-SCM, 2016 U.S. Dist. LEXIS 124730, *11-12 (D.N.J. Sept. 14, 2016) ("a debt collector's representation in a collection complaint that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, would violate, at minimum, FDCPA section e(10).")

attempted to collect a debt allegedly transferred from New Century
Financial Services, Inc.

43.     Based on discovery and further investigation (including, but not limited to,
Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class
certification using modified definitions of the class, class claims, and the class period, and/or seek
class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such
modified definitions may be more expansive to include consumers excluded from the foregoing
definitions but who were mailed a letter using substantially the same form or template as was used
to create the collection letters.

44.     Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of
all class members under the Fair Debt Collection Practices Act.

45.     The class for whose benefit this action is brought are so numerous that joinder of
all members is impracticable.

46.     There are questions of law and fact common to the members of the class that
predominate over questions affecting only individuals, including but not limited to:

A.     Whether Defendants are debt collectors under the FDCPA;

B.     Whether Defendants violated the FDCPA, including but not
limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10),
and 1692f; and

C.     Whether Plaintiff and the class are entitled to damages.

47.     A class action is superior to other available methods for the fair and efficient
adjudication of this controversy since joinder of all members is impracticable.  The FDCPA
statutory scheme provides for statutory damages payable to each class member.  A class action
will cause an orderly and expeditious administration of the claims of the class and will foster
economies of time, effort and expense.

48.     The claims of the Plaintiff are typical of the claims of the members of the class.

49.     The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

50.     Plaintiff does not have interests antagonistic to those of the class.

51.     The class, of which Plaintiff is a member, is readily identifiable.

52.     Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

53.     The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

54.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.    VIOLATIONS OF THE FDCPA

55.     Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

56.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

57.     The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

58. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

59. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

60. The collection letters are "communications" as defined by 15 U.S.C. § 1692a(2).

61. Defendants violated the FDCPA, including but not limited to, 15 U.S.C. § 1692e (including 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10)); and 15 U.S.C. § 1692f.

62. The violations of the FDCPA described herein constitute *per se* violations.

63. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zelmira Toche demands judgment against Defendants Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. and LVNV Funding LLC as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1), including to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

### VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

### IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/Yongmoon Kim*

Dated: December 4, 2020

Yongmoon Kim
*Attorneys for Plaintiff*